**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

_____

LISA MCKEW, *et al.*, )
                                                  )
      Plaintiffs, )
                                                  )
      v. ) **Case No.: 1:11-cv-304-CMH**
                                                  )
VSM SEWING, Inc., )
                                                  )
      Defendant. )
_____)

**FINAL ORDER AND JUDGMENT**

**THIS CASE**, coming on for hearing before the Honorable Claude M. Hilton on December 16, 2011, for this Court to conduct a final hearing to determine whether the proposed Settlement Agreement between the Parties is fair, reasonable and adequate, and to address Collective Action Counsel's applications for an award of attorneys' fees and costs and for incentive payments to certain Collective Action Representatives;

**AND THE COURT**, having read and considered the parties' Settlement Agreement and Joint Motion and Memorandum of Law in support of the Settlement Agreement, an award of attorneys' fees and expenses, and incentive payments to certain Collective Action Representatives ("Joint Motion"), and all the papers appurtenant thereto, as well as having considered the oral arguments of counsel presented to this Court, and good cause appearing, now makes the following findings of fact:

      1.     Plaintiffs Lisa McKew and Nancy Gruff commenced this litigation in this Court, in which they asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Virginia common law, arising out of, among other things, Defendant's alleged

misclassification of certain employees as "exempt" under the FLSA and alleged failure to appropriately compensate those employees for all hours worked per workweek;

2. Plaintiff Toby Moldave and Elizabeth Frankel filed their opt-in consents to join this action on April 25 and 27, 2011, respectively;

3. Defendant answered the Complaint in this action on June 21, 2011, and unequivocally denied any liability or wrongdoing, and intended to vigorously defend itself against the claims if the Parties were not able to effectuate a fair and reasonable settlement;

4. Defendant continues to deny any liability or wrongdoing of any kind whatsoever associated with the claims and alleged damages in this action and nothing contained herein shall be deemed to be a conclusion or judgment as to those claims or alleged damages by this Court;

5. On May 12, 2011, the Parties entered into a stipulation to conditionally certify the action as a collective action under the FLSA for the sole purpose of allowing notice of this action to be sent to the allegedly similarly situated collective action members ("Collective Action Members"), which afforded each Collective Action Member an opportunity to opt-in to this action as a party plaintiff should he or she have so desired;

6. Pursuant to the Parties' conditional certification stipulation, this Court conditionally certified this action as a collective action under the FLSA ("Collective Action") and allowed Collective Action Counsel to send notice of this action with opt-in consent forms to the Collective Action Members on June 10, 2011;

7. Collective Action Counsel sent notice and, as of the end of the opt-in period provided in this Court's conditional certification order, ninety-six (96) Collective Action Members had joined the Collective Action;

8. The Parties have engaged in informal discovery and internal investigations regarding the merits of the Collective Action and the claims of the opt-in Collective Action Members;

9. The Parties have engaged in arm's-length settlement negotiations and, as a result of those negotiations, have agreed to settle the claims of the 96 Collective Action Members according to the terms and conditions set forth in the Settlement Agreement, subject to this Court's consideration and approval;

10. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, this Court is of the opinion that the Settlement Agreement is a fair, reasonable and adequate compromise of the claims against the Defendant in this case, pursuant to 29 U.S.C. § 216(b). There are a number of factors which this Court has considered in affirming this Settlement Agreement as such, including, without limitation:

   a. The liability and damages issues in this case have been contested.

   b. This Settlement Agreement has the benefit of providing relief to the opt-in Collective Action Members now, without further litigation, under circumstances where the liability and damages issues are still vigorously contested among the parties to this litigation. This Settlement Agreement provides the opt-in Collective Action Members with a substantial monetary benefit.

   c. This Settlement Agreement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of Collective Action Counsel or Defendant's Counsel.

11. Collective Action Counsel provided notice to the opt-in Collective Action Members of their proposed application for attorneys' fees and costs and Collective Action Settlement Members individual settlement awards. This Court has considered Collective Action Counsel's fee request and hereby grants the request; and

TCO 359,404,364v1 11-22-11

12. Collective Action Counsel provided notice to the Collective Action Members of the proposed application for incentive payments to certain Collective Action Representatives. This Court has considered this application and hereby grants that application.

**NOW, THEREFORE**, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has continuing jurisdiction over the parties and the subject matter of this proceeding;

2. The Settlement Agreement and settlement of this action, as fully described in the Settlement Agreement and Joint Motion: (a) is fair to all parties, (b) reasonably resolves a *bona fide* disagreement between the parties concerning the merits of, and alleged damages associated with, the claims asserted in the action; and (c) demonstrates a good faith intention by the Parties that the claims be fully and finally resolved;

3. The Settlement Agreement and settlement of this action is approved;

4. Collection Action Counsel's applications for the recovery of attorneys' fees and costs and incentive payments to certain Collective Action Representatives is approved as set forth in those applications; and

5. This action is dismissed with prejudice.

**SO ORDERED**, on this _____ day of December, 2011**.**

_____
The Honorable Claude M. Hilton
United States District Court Judge

TCO 359,404,364v1 11-22-11