UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LISA MCKEW, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No.: 1:11-cv-304-CMH |
| VSM SEWING, Inc., | ) |
| *Defendant*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FAIR LABOR STANDARDS COLLECTIVE ACTION**

Named Plaintiffs Lisa McKew, Nancy Gruff, Toby Moldave, and Elizabeth Frankel, individually and on behalf of all Opt-In Plaintiffs (collectively, "Plaintiffs") and Defendant VSM Sewing, Inc. ("Defendant"), by and through their counsel of record, jointly submit their memorandum of law in support of their joint motion for approval of their settlement of Plaintiffs' claims brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* The Parties are simultaneously submitting to the Court the Settlement Agreement and General Release for *in camera* review and approval. This FLSA collective action settlement ("Settlement") is a product of an arm's-length negotiation between the Parties. The Parties respectfully submit that (1) the Settlement resolves a bona fide dispute over FLSA provisions and (2) its terms are fair and reasonable. For these reasons, the Court should grant the joint motion and approve the Settlement.

## BACKGROUND

### I. COMMENCEMENT OF THE LAWSUIT

On March 25, 2011, Plaintiffs filed collective claims on behalf of current and former store managers of VSM Sewing, Inc. would were paid on a salary plus commission basis,

1

alleging that they were improperly denied overtime payments pursuant to the FLSA, 29 U.S.C. § 201, *et seq*. (Compl., ECF No. 1.) Plaintiffs alleged that they and other similarly situated individuals worked more than forty (40) hours per workweek without receiving overtime compensation.

On May 5, 2011, Defendant filed a Partial Motion to Dismiss ("MTD") Plaintiffs' state law *quantum meruit* claim, which Plainitffs opposed ("Opp. to MTD") on May 13, 2011 (MTD, ECF No. 11; Opp. to MTD, ECF No. 22). On May 12, 2011, Plaintiffs filed a Motion to Allow Notice to Similarly Situated Employees and a Motion to Toll the Statute of Limitations for the Claims of Similarly Situated Employees (ECF Nos. 16 and 19, respectively). After discussing the parties' respective motions, the Parties agreed that they would effectuate notice to the similarly situated employees, that Plaintiff would voluntarily dismiss their state law *quantum meruit* claim, that Defendant would withdraw its Partial Motion to Dismiss, and that the parties would engage in discovery as to the putative class (ECF Nos. 25 and 27, respectively).

Defendant filed its Answer to Plaintiffs' Complaint on June 21, 2011 (ECF No. 35). Defendant denied the allegations asserted by Plaintiffs and any and all liability and damages of any kind with respect to these alleged facts or causes of action asserted in the lawsuit. (*Id.*) Defendant continues to deny liability for Plaintiffs' claims.

## II. CONDITIONAL CERTIFICATION

Pursuant to Plaintiffs' May 12, 2011 Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendant Seeking the Identity of Similarly Situated Employees, and pursuant to the Parties' agreement concerning the relief sought in the Conditional Certification Motion, this Court conditionally certified the following Class for the purposes of sending Notice and Opt-in Consent forms as permitted by 29 U.S.C. § 216(b):

> All persons employed as Store Managers by VSM Sewing, Inc., who were paid a base salary plus commissions, for the period from March 25, 2008 to February 5, 2011, except for those employed in Alaska, California, and Nevada.

Plaintiffs mailed the court-approved notice of the lawsuit on or around June 24, 2011 to the putative class members. During the opt-in period, a total of 92 additional individuals filed written consent forms to opt-in to the collective action. Each notice of consent form was filed contemporaneously with its receipt by Plaintiffs' counsel. (*See generally* Court Docket). As a result, the collective class consists of a total of 96 Plaintiffs.

### III. DISCOVERY AND SETTLEMENT NEGOTIATIONS

The Parties conducted very limited discovery in this case because they agreed to conditional certification and believed that early resolution could be achieved after the opt-in period expired. In order to avoid considerable time and expense associated with discovery, Defendant provided extensive information regarding the Plaintiffs to Plaintiffs' counsel, including information regarding compensation and time records, so that Plaintiffs' counsel could fully and fairly evaluate the claims of the collective class. On September 28, 2011, counsel for Plaintiffs and Defendant met and discussed each of the Parties' independent assessment and calculation of Plaintiffs' possible damages and the parties succeeded in reaching an agreement to resolve the case. The terms of the settlement, including the settlement allocation and procedure, are set forth in the Stipulated Settlement Agreement and Release which has been submitted to this Court for *in camera* review and approval.

### IV. NOTICE OF SETTLEMENT

To accept the settlement, the original Plaintiffs signed and returned the Stipulated Settlement Agreement and Release. On November 21, 2011, Plaintiffs' counsel sent a Notice of Settlement and Release ("Notice") to each Plaintiff by U.S. mail, advising of the settlement, identifying Plaintiffs' individual settlement allocations, and outlining the wage and hour claims each Plaintiff will release in exchange for their share of the settlement. The Notice is attached as Exhibit D to the Settlement Agreement and Release of Claims, which has been submitted to the Court for *in camera* review. Plaintiffs had thirty (30) days to accept or reject the settlement. Throughout this time, Plaintiffs'

counsel continuously and diligently contacted Plaintiffs to ensure timely response to the Notice and fielded any questions Plaintiffs had regarding the settlement.

## LEGAL ANALYSIS

### I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant, and venue is proper. An FLSA action shall be brought in a federal or state court of competent jurisdiction. 29 U.S.C. § 216(b). This action was filed in the United States District Court for the Eastern District of Virginia pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, for claims arising under the FLSA, 29 U.S.C. § 201 *et seq. (See* ECF No. 1, ¶ 2; ECF No. 19 (Answer) ¶ 2.) Defendant conducts business in this District. (*See* ECF No. 1 (Compl.) ¶ 5.

### II. THE PROPOSED SETTLEMENT APPROPRIATELY RESOLVES THE PARTIES' CLAIMS AND DEFENSES

#### a. Standard for Approval of Settlement of FLSA Claims

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16, (1946)). This court has recognized that FLSA claims may only be compromised by the DOL or through a "stipulated judgment entered by a court which as determined that a settlement . . . is fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lomascolo v. Brinckerhoff, Inc.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In evaluating whether a settlement is reasonable, adequate, and fair, a court should consider: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the

complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Lomascolo*, 2009 WL 3094955, at *10.

As a general rule, "[w]hen a settlement agreement has been the subject of arm's-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement." *Houston v. URS Corp.*, 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009).

### b. A Bona Fide Dispute Between the Parties Exists Over the FLSA's Provisions

In order to merit court approval, the settlement must resolve a bona fide dispute over FLSA provisions. *Lomascolo*, 2009 WL 3094955, at *16 (citing *Lynn's Food Stores*, 679 F.2d at 1355). A bona fide dispute exists when an employee makes a claim that he or she is entitled to compensation for overtime hours for which he or she was not compensated. To settle such a dispute, there must be a resolution of the number of hours worked or the amount due. *Lomascolo*, 2009 WL 3094955, at *16 (citing *Hohnke v. United States*, 69 Fed. Cl. 170 (Ct. Fed. Cl. 2005)).

A *bona fide* dispute clearly exists in this case. Plaintiffs' Complaint alleged that Defendant violated the FLSA because they failed to pay Plaintiffs overtime compensation for all hours worked over forty in a workweek. (ECF No. 1.) Defendant contended that Plaintiffs did not perform unpaid overtime work and denied that Plaintiffs were similarly situated under the FLSA. (ECF No. 19.) Defendant continue to contend that Plaintiffs were properly classified as non-exempt employees, denied any liability associated with Plaintiffs' claims, and intended to move for decertification of the collective class.

5

### c. **The Proposed Settlement is Fair, Reasonable, and Adequate**

Consideration of the relevant factors confirms that the proposed settlement is fair, reasonable, and adequate. The proposed settlement arises out of an action for overtime wages brought by Plaintiffs against their employer. During the litigation and settlement of this action, Plaintiffs were represented by counsel experienced in handling wage and hour class and collective actions. The settlement ultimately reached was the product of arm's-length negotiations between the Parties, and the settlement was achieved only after the parties exchanged all 96 Plaintiffs' work attendance histories for the last three years and then met for a daylong negotiation session. In this session the parties the strengths and weaknesses of the Plaintiffs' claims and negotiated away from the respective initial positions to a middle position that was ultimately deemed acceptable by the parties.

It provides relief to Plaintiffs and eliminates the inherent risks both sides would bear if this case were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lomascolo*, 2009 WL 3094955, at *10 ("There is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate, and reasonable. . . . A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel.") (citation and internal quotation marks omitted); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Further, while discovery was limited when settlement was reached, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that the settlement is fair and reasonable. Should this matter have continued, the Parties would have continued with formal discovery, including written interrogatory, document, and admissions requests, and several

depositions of Defendant's corporate representatives, Plaintiffs' managers, as well as depositions of the four named and numerous other opt-in Plaintiffs.

The Parties would have also engaged in substantial motion practice. For example, the Parties would have brought dispositive motions on at least the following issues: (1) whether Plaintiffs worked unpaid overtime hours; (2) whether Defendant had actual and/or constructive knowledge of Plaintiffs' unpaid overtime hours; (3) whether Defendant's conduct was in good faith to avoid liquidated damages; and (4) whether Defendant willfully violated the FLSA to extend the statute of limitations from two to three years, 29 U.S.C. § 255(a). Defendant would have also likely brought a motion for decertification of the collective class, which Plaintiffs would have strongly opposed. Following the resolution of these issues, the Parties potentially faced the prospect of an expensive, lengthy jury trial, with risks to all parties, as well as likely appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, the collegial working-relationship between the Parties enabled counsel for the Parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the Parties' best interest.

Under these circumstances, this Court should conclude that settlement is appropriate for Court approval because it is fair, reasonable, and adequate.

### d. Plaintiffs' Counsel's Fees and Costs are Reasonable

The Settlement Agreement and Release of Claims, which has been submitted to the Court for *in camera* review and approval, provides for Plaintiffs' counsel's attorneys' fees and costs. Plaintiffs' counsel's request for attorneys' fees and costs is reasonable because the issues here are complex and because counsel bore a significant risk of no recovery, or a reduced recovery, if Defendant were to prevail. Plaintiffs' counsel have secured a payment of Plaintiffs' claims with minimal cost and delay to Plaintiffs. They worked diligently to investigate Plaintiffs' claims, and

gathered information relating to the merits of Plaintiffs' claims and Defendant's defenses in preparation for the parties' settlement negotiations. Moreover, Plaintiffs' Counsel secure incentive payments of $5,000.00 for Plaintiff McKew and $1,000.00 for Plaintiff Gruff to compensate these initial Plaintiffs for their additional efforts in making the settlement possible for the remaining 94 Plaintiffs and for their substantial work in reviewing the pleadings and for guiding Plaintiffs' counsels' efforts to secure the best possible recovery for all 96 Plaintiffs.

Plaintiffs' counsel expended a considerable amount of resources and analysis for each of Plaintiff's individual claims. Further, the Parties were actively engaged in the exchange of information throughout the duration of this matter. Plaintiffs' counsel put forth significant effort and resources in preparing for further litigation if settlement negotiations proved unsuccessful, including conducting detailed interviews of, and collecting documents from, Plaintiffs. Plaintiffs' counsel also performed a detailed analysis of the data produced by Defendant in order to assess each Plaintiff's damages. The collective action members agreed to be represented by Plaintiffs' counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the terms of that agreement. Plaintiffs' counsel's request for attorneys' fees and costs is also consistent with Plaintiffs' counsel's fee lodestar amount as of the date of this motion. Finally, Defendant is not contesting the reasonableness of Plaintiffs' counsel's fees and costs request. Consideration of these factors supports Plaintiffs' request for attorneys' fees and costs.

## **CONCLUSION**

The settlement reached in this case is fair, reasonable, and adequate, and provides all Plaintiffs with monetary relief. As such, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and dismiss the claims of the ninety-six Plaintiffs with prejudice.

Respectfully submitted,

/s/ Nicholas Woodfield                    /s/ Virginia E. Robinson
R. Scott Oswald, Esq.                     John Scalia, Esq.
VSB# 41770                                VSB# 46444
Nicholas Woodfield, Esq.                  Virginia E. Robinson, Esq.
VSB# 48938                                VSB# 71411
The Employment Law Group, P.C.            GREENBERG TRAURIG, LLP
888 17th Street, NW, Suite 900            1750 Tysons Blvd., Suite 1200
Washington, D.C. 20006                    McLean, Virginia 22102
(202) 261-2812                            (703) 749-1300
(202) 261-2835 (facsimile)                (703) 749-1301 (facsimile)
soswald@employmentlawgroup.com            robinsonv@gtlaw.com
nwoodfield@employmentlawgroup.com         scaliaj@gtlaw.com
*Counsel for the Plaintiff*               *Attorneys for Defendant VSM Sewing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2011, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Scalia, Esq.
Virginia E. Robinson, Esq.
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
robinsonv@gtlaw.com
scaliaj@gtlaw.com
*Attorneys for Defendant VSM Sewing, Inc.*

/s/ Nicholas Woodfield
R. Scott Oswald, Esq.
VSB# 41770
Nicholas Woodfield, Esq.
VSB# 48938
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for the Plaintiff*